**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:12-CR-00328-LJO-SKO-4 |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782 |
| HUGO ALBERTO LEYVA, | |
| Defendant. | |
| | (Doc. 204) |

Before the Court is the *pro se* motion of Defendant Hugo Alberto Leyva ("Defendant") to reduce his sentence, under Section 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines ("the Guidelines"),[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two the offense level applicable to many drug trafficking offenses. Doc. 204. The Office of the Federal Defender filed notice declining to supplement Defendant's motion. Doc. 206. The Government opposes Defendant's motion on the basis that Defendant is not eligible for a sentence reduction under § 1B1.10. Doc. 208. Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court denies Defendant's motion.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Guidelines unless otherwise indicated.

## I.   BACKGROUND

On July 7, 2014, Defendant pleaded guilty to Conspiracy to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 846, as charged in Count 1 of a two-count Superseding Indictment. Doc. 122 (Plea Agreement); Doc. 126 (Change of Plea Hearing); Doc. 149 (PSR), at ¶ 1.

Under the Drug Quantity Table applicable at the time of Defendant's sentencing, if an offense involved more than 1.5 kilograms of actual methamphetamine, the base offense level would be 38. U.S.S.G. § 2D1.1(c) (2013). As approximately 70 kilograms of actual methamphetamine was attributable to Defendant as the result of his involvement in the conspiracy, the PSR determined his base offense level to be 38. PSR, at ¶¶ 11,16. Because there was evidence that Defendant demonstrated a managerial or supervisory role in the conspiracy, the PSR recommended a 3-level enhancement, pursuant to § 3B1.1(b). *Id.*, at ¶ 19. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a 3-level reduction, for an adjusted total offense level of 38. *Id.*, at ¶¶ 23, 24. With a criminal history category of I (based on zero criminal history points), *see id.* at ¶¶ 29, 30, and a total offense level of 38, the corresponding Guidelines range was 235-293 months. *Id.*, at 14. Based upon provisions in the plea agreement, wherein the Government agreed to recommend a sentence at the bottom of the Guidelines range, the PSR recommended a sentence of 235 months. *Id.*

At Defendant's sentencing on October 27, 2014, the Court adopted most of what was contained in the PSR, but rather than imposing the recommended 3-level enhancement pursuant to U.S.S.G. § 3B1.1(b), imposed a 2-level enhancement pursuant to U.S.S.G. § 3B1.1(c), and found Defendant's total offense level to be 37. Taking into consideration Defendant's criminal history category of I, the corresponding Guidelines range was 210 to 262 months. *See* United States Sentencing Commission Guidelines Manual, Sentencing Table (Nov. 1, 2014). In accordance with the Guidelines range, the Court imposed a 210-month sentence. Doc. 170 (Sentencing Hearing); Doc. 172 (Judgment and Commitment).

//

//

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c) ("§ 3582(c))"). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. *See* 18 U.S.C. § 3582(c)(2); *see also United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *see also United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a Guidelines range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer at step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court must consider any applicable factors as set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"),[2] and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the

---

[2] The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

3

particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

## III.     DISCUSSION

Amendment 782 modifies the Drug Quantity Table to lower base offense levels by two points for most federal drug offenders. Amendment 782, § 1B1.10. However, the highest base offense level in the drug quantity table, reserved for those convicted of possessing large quantities of controlled substances, remains at 38. Moreover, a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) if Amendment 782 does not have the effect of lowering the defendant's applicable guideline range. *See* U.S.S.G. § 1.B1.10(a)(2)(B).

Here, Defendant does not qualify for a sentence reduction because Amendment 782 does not lower the base offense level for defendants whose offenses involved over 4.5 kilograms of actual methamphetamine. *See* U.S.S.G. §§ 1B1.10, 2D1.1(c). According to the PSR, the amount of actual methamphetamine attributable to Defendant is 70 kilograms, which is considerably greater than the minimum amount to subject a defendant to a base offense level of 38, even after Amendment 782's modifications are taken into account.[3] PSR, at ¶ 11. As a result, Defendant's base offense level remains at 38. U.S.S.G. § 2D1.1(c). In conjunction with his criminal history category of I, and the 2-level increase under § 3B1.1(c) for his leadership role in the offense, Defendant's total offense level would still be 37, and the corresponding Guidelines sentencing range is 210-262 months of imprisonment, which is the same as the previous range applicable to his case before Amendment 782 took effect. *See* United States Sentencing Commission Guidelines Manual, Sentencing Table (Nov. 1, 2014). Thus, because Defendant's sentence was not "based on a sentencing range that has been subsequently lowered by the Sentencing Commission," as required by § 3582(c)(2), the Court lacks authority to reduce further Defendant's sentence, and must deny his motion. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009).

To the extent that Defendant asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. In § 3582(c)(2) proceedings, a court considers the § 3553(a) factors only

---

[3] Under §2D1.1's Drug Quantity Table in 2013, only 1.5 kilograms of actual methamphetamine were required to trigger a base offense level of 38. Following the adoption of Amendment 782, 4.5 kilograms of actual methamphetamine were required to subject a defendant to a base offense level of 38.

4

if a prisoner is eligible for a sentence modification pursuant to the Commission's policy statement in § 1B1.10. *Dunn*, 728 F.3d at 1155. As determined above, Defendant is not eligible for a sentence reduction because his sentence was not based on a sentencing range that was later lowered by the Sentencing Commission. *Leniear*, 574 F.3d at 673. Therefore, because Defendant is statutorily ineligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Hugo Alberto Leyva's motion to reduce his sentence (Doc. 204) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **April 13, 2016**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE